No. 2025-1755

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

JENNIFER NEAL,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

---

Petition for Review of Decision of the Merit Systems Protection Board
No. AT-0714-20-0742-A-1

---

## RESPONDENT'S BRIEF

---

BRETT A. SHUMATE
  *Assistant Attorney General*

PATRICIA M. McCARTHY
  *Director*

GEOFFREY M. LONG
JOSHUA D. TULLY
  *Attorneys, Commercial Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *P.O. Box 480, Ben Franklin Station*
  *Washington, DC 20044*
  *(202) 305-4827*

# TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION .................................................................. 1

STATEMENT OF THE ISSUE .................................................................... 1

STATEMENT OF THE CASE ..................................................................... 1

I.   Statutory Background ........................................................................ 1

II.  Factual Background ........................................................................... 3

III. Prior Proceedings ............................................................................. 4

SUMMARY OF ARGUMENT ................................................................. 10

ARGUMENT ............................................................................................ 10

I.   Standard of Review ......................................................................... 10

II.  The Board's Determination That Ms. Neal Is Not a Prevailing Party Is
     Supported by Substantial Evidence .............................................. 11

     A.   The Initial Decision Is Not Enforceable ............................... 11

     B.   The FLRA Decision Is Irrelevant ........................................... 16

     C.   The Board Did Not Erroneously Rely on *Buckhannon* ........... 18

CONCLUSION .......................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*AFGE, Nat'l Veterans Affairs Council #53, and Dep't of Veterans Affairs,*
  FMCS Case No. 181117-01691 (2018) ................................................................3, 5, 17

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,*
  532 U.S. 598 (2001)................................................................2, 3, 9, 11, 18, 19

*Butler v. United States Postal Serv.,* No. 24-1899, 2024 WL 3886592
  (Fed. Cir. Aug. 21, 2024)................................................................................2, 12

*Dep't of Veterans Affairs Veterans Benefits Admin.,* 71 F.L.R.A. 1113 (2020)......................4

*Dep't of Veterans Affairs Veterans Benefits Admin.,* 72 F.L.R.A. 407 (2021)........................5

*Fernandez v. Dep't of Army,* 86 F. App'x 410 (Fed. Cir. 2003) .........................................11

*Haines v. Merit Sys. Prot. Bd,* 44 F.3d 998 (Fed. Cir. 1995) ...........................................13

*Haskins v. Dep't of the Navy,* 106 M.S.P.R. 616 (2007) ..................................................15

*Haupt v. Dep't of Defense,* No. DE-0752-21-0040-I-1, 2023 WL 5353585
  (M.S.P.B. 2023)..................................................................................................12

*Hayes v. Dep't of Navy,* 727 F.2d 1535 (Fed. Cir. 1984) .................................................10

*LaBatte v. Dep't of Air Force,* 58 M.S.P.R. 586 (1993)..................................................13

*Lackey v. Stinnie,* 145 S. Ct. 659 (2025)..........................................................3, 12, 16

*Link v. Dep't of Treasury,* 51 F.3d 1577 (Fed. Cir. 1995)...............................................10

*Maibie v. United States Postal Serv.,* No. DE-0752-17-0030-I-1, 2022 WL 17836550
  (M.S.P.B. 2022)...............................................................................................2, 11

*Morley v. Dep't of Veterans Affairs,* 2024 M.S.P.B. 17 (2024) .........................................11

*Sacco v. United States,* 452 F.3d 1305 (Fed. Cir. 2006)..................................................3, 11, 16

*Stewart v. Dep't of Justice,* 292 F. App'x 898 (Fed. Cir. 2008) .......................................14

**Statutes**

5 U.S.C. § 7701 ................................................................................1, 2, 8, 12, 13

5 U.S.C. § 7703................................................................................................1, 10, 11

28 U.S.C. § 1295................................................................................................1, 2, 11

Veterans Affairs Accountability and Whistleblower Protection Act of 2017,
  Pub. L. 115-41, 131 Stat. 862 ..........................................................................3

**Regulations**

5 C.F.R. § 1200............................................................................15

5 C.F.R. § 1201.41.........................................................................1

5 C.F.R. § 1201.111........................................................................1

5 C.F.R. § 1201.113................................................... 1, 2, 12, 15

5 C.F.R. § 1201.182....................................................................2, 11

**Other Authorities**

*Org. Functions & Delegations of Auth.*, Merit Systems Protection Board (2011) ..............14

*Policy Regarding Clerk's Auth. to Grant Requests to Withdraw Petitions for Review*,
    Merit Systems Protection Board (2022) ......................................................15

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## STATEMENT OF JURISDICTION

The Court has jurisdiction over the petition for review filed by Jennifer Neal, pursuant to 28 U.S.C. § 1295(a)(9), because she timely filed the petition within 60 days of the Merit Systems Protection Board's (MSPB or board) final decision in accordance with 5 U.S.C. § 7703(b)(1)(A).

## STATEMENT OF THE ISSUE

Whether substantial evidence supports the board's denial of Ms. Neal's motion for attorney fees because she never received an enforceable judgment on the merits that could make her a prevailing party under 5 U.S.C. § 7701(g)(1), the statute providing for attorney fees in board proceedings.

## STATEMENT OF THE CASE

### I.  Statutory Background

After a Federal employee appeals an agency's adverse personnel decision to the board, the matter is assigned to an administrative judge (AJ) to make initial findings of fact and conclusions of law.  *See* 5 C.F.R. §§ 1201.41(b), 1201.111.  The AJ's initial decision becomes the final decision of the board 35 days after issuance if neither party seeks review of the initial decision.  *See* 5 C.F.R. § 1201.113.  But if a party timely petitions for review of the initial decision by the full board, the initial decision does *not* become final.  *See id.* § 1201.113(a); 5 U.S.C. § 7701(e)(1).  If the board denies a petition for review, the initial decision becomes the final decision of the board.  *See* 5 C.F.R. § 1201.113(b).  If the board grants the petition for review or dismisses a case,

the board's decision to review or dismiss is "final if it disposes of the entire action." *Id.* § 1201.113(c).

After the board issues a final decision, a party may petition the board for enforcement. *See id.* § 1201.182 ("Any party may petition the Board for enforcement of a final decision."). On the other hand, initial decisions that have not become final are not enforceable. *See Maibie v. United States Postal Serv.*, No. DE-0752-17-0030-I-1, 2022 WL 17836550, at *6 (M.S.P.B. 2022) (explaining that a petition for enforcement of an initial decision should be dismissed as premature); *accord Butler v. United States Postal Serv.*, No. 24-1899, 2024 WL 3886592, at *1 (Fed. Cir. Aug. 21, 2024) (holding that the Court lacks jurisdiction to review initial decisions that have not become final); 28 U.S.C. § 1295(a)(9) (granting this Court jurisdiction over an "appeal from a final order or final decision of the Merit Systems Protection Board").

A "prevailing party" at the board may be entitled to attorney fees. 5 U.S.C. § 7701(g)(1). But a plaintiff who merely achieves the desired result of a lawsuit does not necessarily qualify as a "prevailing party." *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) (holding that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change" to qualify as a prevailing party). Instead, a plaintiff qualifies as a "prevailing party" only if "a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Lackey*

*v. Stinnie*, 145 S. Ct. 659, 669 (2025). Consequently, "a party must obtain either an 'enforceable judgment[] on the merits' or a 'court-ordered consent decree[]' to qualify as a 'prevailing party.'" *Sacco v. United States*, 452 F.3d 1305, 1310 (Fed. Cir. 2006) (alterations in original) (quoting *Buckhannon*, 532 U.S. at 604). In contrast, a party "who wins a transient victory," such as on a preliminary injunction, does not qualify as a prevailing party "if the case becomes moot before the court reaches a final judgment." *Lackey*, 145 S. Ct. at 666, 669.

## II. Factual Background

On August 10, 2020, the VA removed Ms. Neal from her position as a Field Examiner for unacceptable performance. Appx25. The next day, Ms. Neal filed an appeal with the board. *Id.* Although Ms. Neal did not dispute that she had failed to meet performance standards, she contended that the VA violated her collective bargaining agreement (CBA) by removing her without first offering a performance improvement plan (PIP) and 90 days to improve. Appx26. The VA maintained that any CBA right to a PIP and a 90-day improvement period was contrary to, and superseded by, the Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. 115-41, 131 Stat. 862 (Accountability Act). Appx27.

On November 16, 2020, the Federal Labor Relations Authority (FLRA) denied VA's challenge to an arbitration award issued in *AFGE, Nat'l Veterans Affairs Council #53, and Dep't of Veterans Affairs*, FMCS Case No. 181117-01691 (2018) (Ross, Arb.), which had found that the VA had violated a CBA by not providing PIPs and 90-day

improvement periods before removing bargaining unit employees. Appx27 (citing *Dep't of Veterans Affairs Veterans Benefits Admin.*, 71 F.L.R.A. 1113 (2020)). The arbitrator had ordered the VA to "rescind any adverse action taken against bargaining unit employees for unacceptable performance who did not first receive a PIP" and to "reinstate and/or make whole any such bargaining unit employee, including but not limited to back pay, restored leave, and other benefits." Appx135.[1]

## III.  Prior Proceedings

### A.  The AJ's Initial Decision Rules Against the Agency

The board AJ assigned to Ms. Neal's appeal informed the parties that she "was considering reversing the agency's action based upon the FLRA decision." Appx28. On December 8, 2020, the AJ issued an initial decision reversing the removal: "Given the FLRA has ruled in a decision that is binding upon the agency that the agency cannot remove bargaining unit employees without affording them a PIP and a 90-day improvement period . . . I find that the agency's removal action was not in accordance with law." Appx29.

---

[1]  In denying the VA's challenge to that award, the FLRA determined that the Accountability Act did not supersede CBA rights because "nothing in the Accountability Act provides for what an Agency may or should do prior to any decision to remove, demote, or suspend an employee based on performance." Appx27 (internal quotations omitted). Instead, the FLRA determined that the Accountability Act "only affects time periods for notice, response, final decision, and appeal of a removal, demotion, or suspension." *Id.* (internal quotations omitted).

In the initial decision, the AJ ordered the VA to cancel the removal and to retroactively restore Ms. Neal "no later than 20 calendar days after the date this initial decision becomes final." Appx30. The AJ also ordered the VA to provide backpay to Ms. Neal "no later than 60 calendar days after the date this initial decision becomes final." *Id.*[2] The initial decision explained that it would "become final on January 12, 2021, unless a petition for review [was] filed by that date." Appx32.

## B. VA Petitioned For Review of the Initial Decision

On January 11, 2021, the VA filed a petition for board review of the AJ's initial decision. Appx45.

After the FLRA denied the VA's motion for reconsideration, s*ee Dep't of Veterans Affairs Veterans Benefits Admin.*, 72 F.L.R.A. 407 (2021), the VA sent a letter to Ms. Neal informing her that, "[a]s a result of the arbitration award in . . . FMCS Case No. 181117-01691," she was "eligible for reinstatement to [her] previous position of Field Examiner, with back pay and interest to make [her] whole." Appx137. The letter explained that "VA was ordered to . . . rescind any adverse action taken against bargaining unit employees for unacceptable performance who did not receive a PIP" and "reinstate, and/or make whole any such bargaining unit employee." *Id.* In

---

[2] The AJ also awarded interim relief "[i]f a petition for review is filed by either party." Appx31. In the final decision, however, the board held that Ms. Neal was "precluded by law from receiving interim relief" while the VA's petition for review was pending, Appx5, and Ms. Neal does not challenge that holding on appeal. *See* Appx82.

response to that letter, Ms. Neal informed the VA that she wanted to be reinstated and made whole. Appx138.

The VA then notified the board that Ms. Neal qualified for reinstatement and backpay under that arbitration award, and that Ms. Neal would receive instructions for reporting to duty and receiving backpay. Appx140. Based on this representation, the board concluded that rescinding "the removal action by reinstating the appellant and provid[ing] the appellant with back pay and benefits . . . will render this appeal moot." Appx142–43. The board ordered the parties to explain the specific steps the VA had taken regarding the recission of the removal action and whether the appeal had become moot. Appx143. In response, the VA informed the board that Ms. Neal would return to duty on March 27, 2022, and that she was to provide documentation necessary for the VA to calculate the amount of backpay she should receive. Appx145. The VA notified the board that it was "still considering whether it will withdraw its Petition for Review." *Id.*

The board ordered the parties to provide another status update, and to address "the potential mootness of this appeal" because "[a]n appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant." Appx63. In response, the VA informed the board that Ms. Neal had been reinstated, but her backpay had been "held by finance pursuant to the settlement negotiations agreement between [the American Federation of Government Employees (AFGE)] and the Agency." Appx67. The VA explained that it would

6

begin processing backpay because the settlement agreement with AFGE had been executed on July 5, 2022. *Id.* The VA identified several issues that were "still pending before the Board in the Agency's Petition for Review," including whether "the initial decision contains an erroneous interpretation of [the Accountability Act]" and "the collective bargaining agreement." Appx68.

The board ordered the parties to provide another status update, and to identify "any 'live' issues that would prevent this appeal from being dismissed as moot." Appx74. In response, the VA notified the board that Ms. Neal had "been restored [to the] status quo ante as the Agency cancelled her removal and reinstated her with backpay and benefits." Appx77. The VA explained that "attorney's fees are still a live issue in this matter" and urged the board to correct the initial decision's "erroneous interpretation of [the Accountability Act]" and "the collective bargaining agreement." *Id.*

On July 21, 2023, the board issued a final order dismissing the petition for review as moot. Appx81. The board again explained that "an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant," including "when the appellant, by whatever means, obtained all of the relief she could have obtained had she prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal." Appx83. The board recounted that it had "issued multiple orders seeking information about whether this appeal may have become moot," and that the parties

had "indicated that the agency cancelled the appellant's removal, returned her to duty, and altogether made her whole." Appx82–83. The board found that the reason VA made Ms. Neal whole was because "the agency determined that the appellant was entitled to relief pursuant to the FLRA's PIP decisions, including retroactive cancellation of her removal." Appx83.[3] Ms. Neal did not appeal that final order.

### C. The Board Denied Ms. Neal's Motion for Attorney Fees

Soon after dismissal, Ms. Neal filed a motion for attorney fees, arguing that she was a prevailing party because she "obtained some benefit from her litigation" through the VA's "cancellation of the removal action and reinstatement." Appx90, Appx92, Appx149. The AJ, in an initial decision, granted the motion on the grounds that Ms. Neal had "obtained a lawful order from the Board" in the AJ's initial decision dated December 8, 2020. Appx92. The VA filed a petition for review by the full board of the fees award. Appx107.

In a final decision, the board denied Ms. Neal's motion for attorney fees. Appx1. The board explained that qualifying as a prevailing party requires an "enforceable order," not merely "the 'lawful order' referenced by the administrative judge." Appx5.

---

[3] The board determined that "incurrence of costs and attorney fees will not prevent dismissal of an appeal as moot because an attorney fee award under 5 U.S.C. § 7701(g) is considered to be separate from relief on the merits." Appx83–84.

The board determined that Ms. Neal had never received an enforceable order because the initial decision "was not enforceable while the agency's petition for review was pending, and it was not enforceable after the Board dismissed the agency's petition as moot." Appx6. The board recognized that the final order of dismissal "also fails to qualify as an enforceable order" because "[i]t did not indicate that the initial decision was the Board's final and enforceable decision, and it did not order the agency to take any action that was subject to enforcement." *Id.*

The board further explained that a plaintiff does not qualify as a prevailing party merely by obtaining the relief sought in the lawsuit. Appx4. Instead, the Supreme Court has "specifically rejected the 'catalyst theory,' whereby a party could be found to have prevailed based on the opposing party's voluntary change of conduct after the filing of a lawsuit, as a viable basis to award attorney fees." Appx4 (quoting *Buckhannon*, 532 U.S. at 605). Moreover, even if the catalyst theory had not been rejected by the Supreme Court, the theory may not be applicable in this case because the board found that VA's rescission of the appellant's removal "was the result of an FLRA decision," not the board's initial decision. Appx6. The board denied the motion for attorney fees because "the Board did not issue a final enforceable decision that ordered any relief." *Id.*

In this appeal, Ms. Neal contends that she was a prevailing party because, in her view, the board "erred when it found the VA's decision to rescind Ms. Neal's removal was the result of the FLRA decision." Pet. Br. at 8, ECF No. 13. Instead, Ms. Neal

contends that the board's "Initial Decision left the VA no choice but to remedy the wrongful removal action." *Id.* at 11 n.4. She suggests that the VA "effectively mooted its own Petition for Review," which "constituted a de facto withdrawal of the Petition for Review," and thereby the "Initial Decision became the final decision of the Board." *Id.* at 13.

## SUMMARY OF ARGUMENT

The board correctly denied Ms. Neal's motion for attorney fees because she never received an enforceable judgment. The initial decision did not confer prevailing party status because it was not enforceable. To the contrary, the initial decision never became final, and thus enforceable, because the VA filed a petition for review which the board then dismissed as moot.

## ARGUMENT

## I.     Standard of Review

The scope of judicial review of board decisions is narrowly defined and limited by statute. The board's decision should be affirmed unless this Court determines that it was: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Ms. Neal bears the burden of establishing that the board committed reversible error. *See Link v. Dep't of Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

## II. The Board's Determination That Ms. Neal Is Not a Prevailing Party Is Supported by Substantial Evidence

### A. The Initial Decision Is Not Enforceable

"The determination of an award of attorney fees is based on the *final decision* of the Board and whether, by the *final decision*, the appellant is a prevailing party." *Morley v. Dep't of Veterans Affairs*, 2024 M.S.P.B. 17, ¶ 6 (2024) (emphasis added). Prevailing party status cannot be based on an initial decision because that is not "an 'enforceable judgment[] on the merits.'" *Sacco*, 452 F.3d at 1310 (alteration in original) (quoting *Buckhannon*, 532 U.S. at 604).

As discussed above in the statutory background, the board will not enforce an initial decision that has not become final. *See* 5 C.F.R. § 1201.182 (permitting parties to "petition the Board for enforcement of a final decision"); *Maibie*, 2022 WL 17836550, at *6 (explaining that a petition for enforcement of an initial decision should be dismissed as premature); *Fernandez v. Dep't of Army*, 86 F. App'x 410, 411 (Fed. Cir. 2003) ("The law contemplates that a party may question whether an agency has fully complied with a final order of the Board, and thus provides for a petition for enforcement of a final Board order.").

Similarly, this Court may not review an initial decision that has not become final. *See* 28 U.S.C. § 1295(a)(9) (conferring jurisdiction over "an appeal from a final order or final decision of the Merit Systems Protection Board"); 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order or final decision of the Board

shall be filed in the United States Court of Appeals for the Federal Circuit."); *Butler*, 2024 WL 3886592, at *1 (holding that the Court lacks jurisdiction to review initial decisions).

Thus, initial decisions do not confer prevailing party status because they are not enforceable by the board or any court. Moreover, prevailing party status cannot be based on an initial decision because such a decision does not "conclusively resolve[] a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Lackey*, 145 S. Ct. at 669. That is so because an initial decision is a preliminary ruling. An initial decision only becomes "enduring" if it is converted into a final decision by the inaction of the parties – namely, where no party petitions for board review – or by a decision of the board. *See* 5 C.F.R. § 1201.113. The "transient nature," *Lackey*, 145 S. Ct. at 667, of an initial decision is reflected in 5 C.F.R. § 1201.113, which provides that an initial decision "will become the Board's final decision 35 days after issuance" unless a party petitions the full board for review. If a party does petition for review, then "[t]he initial decision will not become the Board's final decision." 5 C.F.R. § 1201.113(a); *see* 5 U.S.C. § 7701(e)(1). Furthermore, the full board "is not bound by initial decisions, and they have no precedential effect." *Haupt v. Dep't of Defense*, No. DE-0752-21-0040-I-1, 2023 WL 5353585, at *6 (M.S.P.B. 2023).

Section 7701(b)(2) of title 5 further confirms that prevailing party status cannot be based on initial decisions. That provision provides that a "prevailing party in an

appeal [to the board] . . . shall be granted the relief provided in the decision effective upon the making of the decision," *id.*, but § 7701(b)(2)(C) cautions that "[n]othing in the provisions of this paragraph may be construed to require any award of back pay or attorney fees be paid before the decision is final." *See LaBatte v. Dep't of Air Force*, 58 M.S.P.R. 586, 593 (1993) (explaining that "neither back pay nor attorney fees shall be paid before a Board decision becomes final"). Permitting a Federal employee to receive attorney fees without a final decision would run counter to that statutory directive and "the Supreme Court's admonitions to refrain from inventing new remedies" under the Civil Service Reform Act. *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995).

In this case, Ms. Neal is not a prevailing party because she never received a final decision providing her with relief. Although the AJ issued an initial decision in her favor, the compliance deadlines were triggered by "the date this initial decision becomes final," which never happened. Appx29–30. Specifically, the AJ explained that the initial decision would "become final on January 12, 2021, unless a petition for review is filed by that date," Appx32, and on January 11, 2021, VA filed a petition for review, which prevented the initial decision from becoming final, Appx45. The initial decision therefore never became enforceable and cannot be the basis for prevailing party status.

Without any citation to authority, Ms. Neal argues that the initial decision became the final decision because "VA's actions constituted a de facto withdrawal of

its Petition for Review." Pet. Br. at 7. As a preliminary matter, this argument is waived because Ms. Neal never raised it to the board. *See* Appx148–55; *Stewart v. Dep't of Justice*, 292 F. App'x 898, 901 (Fed. Cir. 2008) (holding that "arguments not made before the Board may not be made for the first time in this court").

In any event, VA did not withdraw its petition for review. To the contrary, the agency repeatedly urged the board to review and correct the initial decision. In response to the board's order to identify "any 'live' issues that would prevent this appeal from being dismissed as moot," Appx74, VA asserted that "attorney's fees are still a live issue in this matter as the initial decision contains an erroneous interpretation of [the Accountability Act]" and "the collective bargaining agreement," Appx77. VA did not withdraw its petition for review, but rather expressly sought the full board's review of the initial decision.

In any event, a party cannot "de facto" withdraw a petition for review. Pet. Br. at 7. An initial decision does not automatically become final merely because a party requests to withdraw the petition for review. Instead, the board, clerk of the board, or AJ acting under limited regulatory authority, must evaluate specific criteria and decide whether to "*grant* a withdrawal of a petition for review." Para. 2.3.5.1(2), *Org. Functions & Delegations of Auth.*, Merit Systems Protection Board (2011) (emphasis

added)[4]; *see Policy Regarding Clerk's Auth. to Grant Requests to Withdraw Petitions for Review*, Merit Systems Protection Board (2022)[5]; 5 C.F.R. §§ 1200.3(c)(1), (d)(1). In this case, no party requested to withdraw the petition and neither the board, the clerk, nor an AJ evaluated the required criteria or granted any request to withdraw the petition.

Instead, as Ms. Neal states in her brief, the "[b]oard dismissed the appeal as moot" over the VA's request for a decision on the merits of the petition. Pet. Br. at 4. Dismissing an appeal as moot does not convert the initial decision into an enforceable final decision, nor does Ms. Neal argue otherwise. That is because "the dismissal of an appeal as moot amounts to a dismissal for lack of jurisdiction," and "the Board lacks the authority to order enforcement if it lacks jurisdiction over the underlying appeal." *Haskins v. Dep't of Navy,* 106 M.S.P.R. 616, ¶ 17 (2007). As established by 5 C.F.R. § 1201.113, the initial decision only becomes the final decision if a party does not file a petition for review or the petition for review is denied, neither of which occurred in this case.

Thus, as the board explained, the initial decision did not become "enforceable after the Board dismissed the agency's petition [for review] as moot." Appx6. The dismissal decision "did not indicate that the initial decision was the Board's final and

---

[4] *Available at* https://www.mspb.gov/foia/files/Organization_Functions _and_Delegations_of_Authority_1279407.pdf.

[5] *Available at* https://www.mspb.gov/appeals/files/Policy_Regarding_ Withdrawal_of_a_Petition_for_Review_1515773.pdf.

enforceable decision, and it did not order the agency to take any action that was subject to enforcement." *Id.* Instead, the only final decision is the dismissal decision, which the board captioned "Final Order" and repeatedly designated as the "final decision." Appx81, Appx 84. Consequently, the record and the law support the board's determination that Ms. Neal was not a prevailing party because the initial decision is not enforceable.

### B. The FLRA Decision Is Irrelevant

Ms. Neal's primary argument on appeal is that the board "erred when it found the VA's decision to rescind Ms. Neal's removal was the result of the FLRA decision." Pet. Br. at 8. That argument is a *non sequitur* because it ignores the requirement that a party must obtain an "enforceable judgment[] on the merits" to qualify as a prevailing party. *Sacco*, 452 F.3d at 1310 (internal quotations omitted). Even if the FLRA decision was "not applicable to Ms. Neal," Pet. Br. at 12, that is irrelevant because the board never "conclusively resolve[d] [her] claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties," *Lackey*, 145 S. Ct. at 669. As explained above, at most, the initial decision was "a transient victory" – entirely dependent on becoming a final decision before any relief was enforceable – that does not qualify for prevailing party status. *Lackey*, 145 S. Ct. at 669.

Even assuming *arguendo* that the FLRA decision is relevant to whether Ms. Neal qualifies as a prevailing party in her board appeal, substantial evidence supports the

board's finding that the VA's decision to grant her relief "was the result of an FLRA decision," and not the non-enforceable initial decision. Appx6.

The arbitrator in *AFGE, Nat'l Veterans Affairs Council #53, and Dep't of Veterans Affairs*, FMCS Case No. 181117-01691, ordered the VA to "rescind any adverse action taken against bargaining unit employees for unacceptable performance who did not first receive a PIP" and to "reinstate and/or make whole any such bargaining unit employee, including but not limited to back pay, restored leave, and other benefits." Appx135. Relying on the FLRA's denial of the VA's challenge to that arbitration award, the AJ determined that the removal action was unlawful. Appx29 ("Given the FLRA has ruled in a decision that is binding upon the agency that the agency cannot remove bargaining unit employees without affording them a PIP and a 90-day improvement period . . . I find that the agency's removal action was not in accordance with law.").

Following the FLRA's denial of the VA's challenge to the arbitration award, the VA expressly informed Ms. Neal that it had "identified [her] as an eligible former employee of the Agency and AFGE bargaining unit employee who is qualified under [that] *arbitration award*." Appx140 (emphasis added). Implementing the arbitration award, VA asked Ms. Neal if she wanted to be "reinstated and made whole or made whole without reinstatement." Appx137. In response, Ms. Neal represented that she wanted to be "[r]einstated and made whole." Appx138. Ms. Neal does not dispute

that she was a bargaining unit employee and therefore covered by the arbitration award.[6]

Although the FLRA decision is irrelevant to whether Ms. Neal is a prevailing party, which depends on whether she received an enforceable judgment in her board appeal, substantial evidence supports the board's determination that VA's decision to grant her relief was the result of the FLRA decision and not the board's initial decision.

## C.    The Board Did Not Erroneously Rely on *Buckhannon*

Finally, Ms. Neal contends that, "[t]o the extent the Merit Systems Protection Board relied on the Supreme Court's decision in *Buckhannon*, it was in error." Pet. Br. at 11. It is unclear what error Ms. Neal perceives in the board's discussion of *Buckhannon*, which the board accurately described as "reject[ing] the 'catalyst theory,' whereby a party could be found to have prevailed based on the opposing party's voluntary change of conduct after the filing of a lawsuit, as a viable basis to award attorney fees." Appx4.

_____

[6] For the first time on appeal, Ms. Neal suggests that the arbitration award did not apply to her because it was issued "more than two (2) years prior to Ms. Neal's termination," Pet. Br. at 3, but the award contains no temporal limitations and broadly requires VA to "rescind *any* adverse action taken against bargaining unit employees for unacceptable performance who did not first receive a PIP" and "reinstate and/or make whole *any* such bargaining unit employee." Appx135 (emphasis added). Nor did Ms. Neal suggest that the award was inapplicable to her after the VA notified her that she qualified for relief under the award. Appx137. Instead, Ms. Neal affirmatively responded that she wanted to be "[r]einstated and made whole." Appx138.

Although Ms. Neal suggests that she "does not rely on the catalyst theory," Pet. Br. at 12, her motion sought attorney fees on exactly that theory. Citing pre-*Buckhannon* caselaw, Ms. Neal represented that "the Supreme Court has held [that] a prevailing party must be one who has succeeded on any significant claim that resulted in that party receiving some of the relief sought." Appx149–50. Ms. Neal contended that she qualified as a prevailing party because "she has obtained some benefit from her litigation" through the "cancellation of the removal action and reinstatement with backpay and benefits." Appx149. On appeal, Ms. Neal continues to assert that the catalyst for VA's decision to rescind her removal was the initial decision and not the FLRA decision. *See* Pet. Br. at 8. These assertions are inaccurate because they do not account for the *Buckhannon* holding, and the board committed no error in applying the correct standard.

## CONCLUSION

For these reasons, the judgment of the board should be affirmed.

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

PATRICIA M. McCARTHY
   *Director*

/s/ *Geoffrey M. Long*
GEOFFREY M. LONG
   *Acting Assistant Director*

/s/ *Joshua D. Tully*
JOSHUA D. TULLY
   *Trial Attorney*
   *Commercial Litigation Branch*
   *Civil Division*
   *U.S. Department of Justice*
   *P.O. Box 480, Ben Franklin Station*
   *Washington, DC 20044*
   *(202) 305-4827*
   *joshua.d.tully@usdoj.gov*

September 3, 2025

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,822 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Joshua D. Tully*
Joshua D. Tully